# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

TIMOTHY VANGUNDY,

              Petitioner,      :      Case No. 2:19-cv-004

   - vs -                              District Judge Edmund A. Sargus, Jr.
                                      Magistrate Judge Michael R. Merz

WARDEN
  Noble Correctional Institution,

                                    :
             Respondent.

## REPORT AND RECOMMENDATIONS

Timothy VanGundy brought this habeas corpus action pursuant to 28 U.S.C. § 2254 to obtain relief from his convictions and sentence in the Franklin County Court of Common Pleas on two counts of aggravated robbery, one with a firearm specification. The case is ripe for decision upon the Petition (ECF No. 1), the State Court Record (ECF No. 9), the Return of Writ (ECF No. 10), and Petitioner's Reply to the Return (labeled by Petitioner as "Objection")(ECF No. 14). The Magistrate Judge reference in the case has been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 15).

**Litigation History**

VanGundy was indicted on October 23, 2014, on one count of aggravated burglary with a firearm specification; one count of aggravated robbery with a firearm specification; two counts of kidnapping, each with a firearm specification; and one count of having weapons while under disability.

1

After plea negotiations, VanGundy pleaded guilty to two counts of aggravated robbery, one of which carried a firearm specification. He was sentenced to seventeen years imprisonment on December 8, 2015.

VanGundy took no direct appeal at that time, but a year later filed a Notice of Appeal and a motion for leave to file a delayed appeal which the Tenth District Court of Appeals denied (State Court Record, ECF No. 9, Ex. 10, PageID 106-12). VanGundy appealed to the Supreme Court of Ohio, but that court declined to accept jurisdiction (Entry, State Court Record, ECF No. 9, PageID 179). On June 17, 2016, VanGundy moved in the trial court to have his sentence modified. *Id.* at Ex. 17, PageID 180-87. The Franklin County Court of Common Pleas denied that motion on July 29, 2019. *Id.* at Ex. 19, PageID 194-96.

On May 13, 2018, VanGundy filed a Motion to Correct a Void Sentence which is Contrary to Law. Arguing that his convictions were for allied offenses and the sentences should therefore be concurrent instead of consecutive. *Id.* at Ex. 20, PageID 197-201. The Common Pleas Court denied that Motion on July 17, 2018, and Petitioner did not appeal. On January 2, 2019, he filed his Petition in this case (ECF No. 1).

# Analysis

VanGundy pleads one ground for relief:

> **Ground One:** The Tenth Appellate District violated VanGundy's right to appeal, as his Delayed Appeal met all of the requirements of Rules 3 and 5, was supported with an affidavit, and the reason for his delay was the trial court's violation of his Constitutional rights when it failed to inform him at or after the imposition of his unlawful sentence (10 additional years in violation of his double jeopardy rights), and of his right to appeal.

(Petition, ECF No. 1.)

**Return of Writ**

The Warden defends on several bases. First, to the extent that VanGundy is making a claim that the trial court violated his right under Ohio R. Crim. P. 32 to be advised of his right to appeal, which is a claim under Ohio law, not the Federal Constitution (Return, ECF No. 10, PageID 225). Second, VanGundy's claim is rebutted by the record which shows his guilty plea contained written notice of his right to appeal. *Id.* at PageID 224. Third, to the extent the claim raises a federal Double Jeopardy claim, the Warden asserts the offenses of conviction are not allied offenses of similar import under Ohio Revised Code § 2941.25 and VanGundy has, in any event, procedurally defaulted on this claim by not taking a timely appeal from his convictions and sentence. *Id.* at PageID 225-27. Fourth, VanGundy's complaining of the refusal of the Tenth District to accept his delayed appeal is also a claim under Ohio law, not the Federal Constitution. *Id.* at PageID 227.

**Petitioner's Reply**

VanGundy's Objection (Reply) insists he exhausted state court remedies by giving

> each State Court the opportunity to address the merits of his claim and failure to review 'VanGundy's habeas claim as to merger' will result in a fundamental miscarriage of justice because it is axiomatic that where an individual's immediate motive involves the commission of one offense, but in the course of committing that crime he must, *a priori*, commit another, then he may well possess but a single animus, and in that event may be convicted of only one crime. For example, as in **this case at bar,** when VanGundy committed the crime of Agg. Robbery, he *must,* by the very nature of the crime, completed Agg. Burglary. Under our statutes, he simultaneously commits the offense of Agg. Robbery (R. C. 2911.11 [A] [1]) by threatening to inflict physical harm the victim to facilitate the commission of a felony. In that instance, without more, there exists a single *animus,* and R.C. 2941.25 prohibits convictions for both

> offenses. Thus, VanGundy's "single habeas claim in this case" *has merit, and this Honorable Court's* **failure to review the claims will result** *in a* **fundamental miscarriage of justice.**

(ECF No. 14, PageID 245-46.)

# Analysis

**Exhaustion and Procedural Default**

Before filing a petition for writ of habeas corpus in federal court, a state prisoner must exhaust the remedies available to him or her under state law. 28 U.S.C. § 2254(b)(1)(A). VanGundy asserts he has exhausted all available state court remedies; the Warden does not deny that, nor does he raise any defense of lack of exhaustion.

Distinct from exhaustion is the doctrine of procedural default. The Sixth Circuit has described the distinction as follows:

> As is well-established [sic] (although sometimes muddled by courts), two types of procedural barriers might preclude federal review of claims in a habeas petition. The first type, procedural default, is a judicially created rule, grounded in fealty to comity values and requiring federal courts to respect state court judgments that are based on an "independent and adequate" state procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (establishing a four-part test for determining whether a procedural rule is an independent and adequate state ground). In procedural default cases, the state court or courts reject a direct or post-conviction appeal because the defendant failed to comply with some state law or rule concerning timeliness, pleading requirements, sufficient evidence, or the like.
>
> The second type of bar, exhaustion, is similarly grounded in respect for state court procedures, but it is federally mandated by AEDPA, see 28 U.S.C. § 2254(b)(1)(A), (c), and requires petitioners to give state courts a "fair opportunity" to assess petitioners' claims.

> *O'Sullivan*, 526 U.S. at 844. Often, federal courts will rule that a petitioner's claim is "defaulted" because the petitioner failed to exhaust his remedies and the time for refiling an appeal in the state court has passed. The unexhausted claim is then classified as "procedurally defaulted" and deemed forfeited absent a showing of cause and prejudice. *See In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000).
>
> But exhaustion and procedural default are distinguishable in an important sense. A defendant could fail to exhaust a claim without procedurally defaulting if he could return to the state courts to exhaust. Alternatively, as in this case, the defendant could fail to exhaust without defaulting if a clarification in procedural law indicates that he has already taken the necessary action to exhaust. That is, forfeiture by failure to exhaust entails a legal fiction, of sorts. The state court has not rejected an appeal based on a state rule violation; there is no declaration by the state court of an independent and adequate state ground to which the federal court must defer. Instead, the federal court makes a presumption that the state court would reject the appeal on independent and adequate state grounds if the petitioner tried to file it. But, by declaring the claim forfeited, the federal court saves the petitioner and the state court from respectively preparing and rejecting a futile filing. The federal court then views the claim through the lens of procedural default to determine whether there is cause and prejudice to excuse the default. In short, the crux of forfeiture by failure to exhaust is that the federal court's default decision rests upon a presumption about what the state court would do, rather than respect for what a state court actually did.

*Abdur'Rahman v. Bell (In re Abdur'Rahman)*, 392 F.3d 174, 186-187 (6th Cir. 2004), vacated on other grounds, 545 U.S. 1151 (2005). Because the Warden makes no claim that VanGundy has not exhausted state court remedies, the analysis here will be solely under the procedural default doctrine.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless

> the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); see also *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." Coleman, 501 U.S., at 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S.Ct. 2058, 2064 (2017).

Van Gundy acknowledges the procedural default doctrine but asserts it does not apply to his case where "failure to review the claim 'will result in a fundamental miscarriage of justice.'" (Objection, ECF No. 14, PageID 246, quoting *Coleman*, 501 U.S. at 750, and citing *Murray v.*

6

*Carrier*, 477 U.S. 478, 495 (1986).

The "fundamental miscarriage of justice" exception does not apply to this case. The Supreme Court has made it clear since *Coleman* that that exception only applies to cases where the petitioner can show actual innocence. *Calderon v. Thompson*, 523 U.S. 538, 557-58 (1998) (holding that "avoiding a miscarriage of justice as defined by our habeas corpus jurisprudence" requires "a strong showing of actual innocence"); see *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). VanGundy has not attempted to show actual innocence and in fact he pleaded guilty in the Common Pleas Court.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>     . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

7

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Ohio has an applicable procedural rule that an appeal must be filed within thirty days of judgment in a criminal case. The Tenth District Court of Appeals enforced that rule against VanGundy when it refused to allow him a delayed direct appeal. The setting of time limits for appeals (as well as for most other court filings) is an adequate state rule because it protects the State's interest in the finality of criminal judgments. The rule is independent of federal law: it does not make federal claims appealable on a different schedule or deadline than state claims. VanGunday has not attempted to show cause and prejudice to excuse his failure to file a timely appeal.

Ohio has another procedural rule which is applicable: issues which are capable of being raised on direct appeal must be raised at that time or they are barred from being raised later by the Ohio criminal *res judicata* doctrine enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967). The Sixth Circuit has held that Ohio's *res judicata* doctrine is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417, 427-29 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted).

VanGundy first raised his allied offenses claim in his Motion to Correct a Void Sentence (State Court Record, ECF No. 9, Ex. 20, PageID 197-201). The Common Pleas Court rejected this claim as barred by *res judicata,* as well as rejecting it on the merits. *Id.* at Ex. 21, PageID 204.

VanGundy took no appeal. Hence any claim of error he might have had in the Common Pleas decision is also procedurally defaulted.

For these reasons, VanGundy's allied offenses/Double Jeopardy claim is procedurally defaulted and should be dismissed on that basis.

**Merits of the Claim**

On its face, VanGundy's claim that his aggravated burglary and aggravated robbery offenses should have been merged under Ohio Revised Code § 2941.25 raises a claim of Ohio law, not federal constitutional law. Ohio Revised Code § 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

The controlling Ohio Supreme Court precedent interpreting Ohio Revised Code § 2941.25 is set forth in *State v. Ruff*, 143 Ohio St. 3d 114 (2015):

> 1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import.
>
> 2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses

> involving separate victims or if the harm that results from each offense is separate and identifiable.
>
> 3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

*Id*. *Ruff* was recognized as controlling in this Court in *Kilby v. Court of Common Pleas*, 2015 U.S. Dist. LEXIS 48471 (S.D. Ohio Apr. 13, 2015)(Rice, D.J.). Judge Frye recognized *Ruff* as controlling when denying VanGundy's Motion to Correct Void Sentence:

> In fact, the merger doctrine did not apply. To the contrary, there were two adults and one child in the house - all of whom were victims - when defendant broke in. Jeremy Bolon was asleep upstairs when defendant and two other men entered the downstairs at gunpoint. Tamara Bolon and her 2-year old child Grant Bolon were in the living room. The defendant and his confederates entered, threw a blanket over Tamara and her child, forced them over to a couch, and told them "Shut Up or I'll Kill You." Hearing the commotion downstairs as the men pushed over furniture and dumped drawers looking for money and jewelry, Jeremy Bolon woke up and called 911. That resulted in the apprehension of defendant inside the home. A gun and jewelry were found in defendant's pockets or near where he was caught. Defendant VanGundy was, in short, guilty of both an Aggravated Burglary and an Aggravated Robbery, with multiple victims, on these facts. *E.g., State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, syllabus paragraph 2.

(Journal Entry, State Court Record ECF No. 9, PageID 204.)

A habeas corpus court cannot enforce Ohio Revised Code § 2941.25 directly, but only to the extent that it protects a person from violations of the federal Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. That Clause affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same

offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165 (1977), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause was held to be applicable to the states through the Fourteenth Amendment in *Benton v. Maryland,* 395 U.S. 784, 794 (1969). VanGundy claims he is being punished twice for the same offense. The test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). In this case it is clear that the two offenses of conviction have different elements. Aggravated burglary requires breaking into an occupied structure with the purpose of committing a felony. Aggravated robbery requires taking the property of another by use of a deadly weapon. A person can commit an aggravated burglary without a gun and without being successful in stealing anything. A person can commit an aggravated robbery without breaking in anywhere.

In sum, VanGundy's allied offenses/Double Jeopardy claim is without merit.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 27, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).