# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

TIMOTHY VANGUNDY,

     Petitioner,   : Case No. 2:19-cv-004

- vs -         District Judge Edmund A. Sargus, Jr.
            Magistrate Judge Michael R. Merz

WARDEN
 Noble Correctional Institution,

             :

     Respondent.

## OPINION AND ORDER

Timothy VanGundy brought this habeas corpus action *pro se* pursuant to 28 U.S.C. § 2254 to obtain relief from his convictions and sentence in the Franklin County Court of Common Pleas on one count of aggravated robbery with a firearm specification and one count of aggravated burglary (Am. Petition, ECF No. 4, PageID 34). On Order of Chief Magistrate Judge Elizabeth Preston Deavers, Respondent filed the State Court Record (ECF No. 9) and the Return of Writ (ECF No. 10). Petitioner then filed a Reply to the Return (labeled by Petitioner as "Objection") (ECF No. 14).

On November 26, 2019, the Magistrate Judge reference in the case was transferred to Magistrate Judge Michael R. Merz to help balance the Magistrate Judge workload in the District (ECF No. 15). Magistrate Judge Merz later filed a report and Recommendations recommending

dismissal of the case (the "Report," ECF No. 16) and Petitioner has filed Objections (ECF No. 19).[1]

When a party files objections to a Magistrate Judge's report and recommendations on a dispositive matter, the assigned District Judge is required "to determine de novo any part of the magistrate judge recommended disposition that has been properly objected to." 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3).

**Litigation History**

VanGundy was indicted in October 2014, on one count of aggravated burglary with a firearm specification; one count of aggravated robbery with a firearm specification; two counts of kidnapping, each with a firearm specification; and one count of having weapons while under disability (Indictment, State Court Record, ECF No. 9, Ex. 1, PageID 61-63). After plea negotiations, VanGundy pleaded guilty to one count of aggravated burglary and one count of aggravated robbery with a firearm specification (Entry of Guilty Plea, State Court Record ECF No. 9, Ex. 4, PageID 74). He was sentenced on December 8, 2015, to seventeen years imprisonment (seven years each for the aggravated burglary and aggravated robbery plus three years for the firearm specification, all to be served consecutively) (Judgment Entry, State Court Record, ECF No. 9, Ex. 5, PageID 77).

VanGundy took no direct appeal at that time, but a year later filed a Notice of Appeal and a motion for leave to file a delayed appeal which the Tenth District Court of Appeals denied (*State v. Vangundy*, No. 17AP-379 (Ohio App. 10th Dist. Aug. 24, 2017), unpublished, copy at State

---

[1] Petitioner has also filed a Notice of Appeal (ECF No. 21). Since there is as yet no final appealable order in the case, the Notice of Appeal does not deprive this Court of jurisdiction.

Court Record, ECF No. 9, Ex. 10, PageID 106-12). VanGundy appealed to the Supreme Court of Ohio, but that court declined to accept jurisdiction. *State v. VanGundy*, 151 Ohio St. 3d 1513, 2018-Ohio-365 (2018).

On May 13, 2018, VanGundy filed his "Motion to Correct a Void Sentence which is Contrary to Law" (State Court Record, ECF No. 9, Ex. 20), arguing that his convictions were for allied offenses and the sentences should therefore be concurrent instead of consecutive under Ohio Revised Code § 2941.25. *Id.* at PageID 197-201. The Common Pleas Court denied that Motion on July 17, 2018 (State Court Record, ECF No. 9, Ex. 21, PageID 203-05), and Petitioner did not appeal. On January 2, 2019, he filed his Petition in this case (ECF No. 1) and an Amended Petition before Respondent was ordered to answer (ECF No. 4).

**The Petition and Amended Petition**

VanGundy pleaded one ground for relief in his original Petition:

> **Ground One:** The Tenth Appellate District violated VanGundy's right to appeal, as his Delayed Appeal met all of the requirements of Rules 3 and 5, was supported with an affidavit, and the reason for his delay was the trial court's violation of his Constitutional rights when it failed to inform him at or after the imposition of his unlawful sentence (10 additional years in violation of his double jeopardy rights), and of his right to appeal.

(Petition, ECF No. 1, PageID 9).

The original Petition was not filed on the required standard form for habeas corpus petitions, but in a discursive manner sets forth VanGundy's claim that he was not properly informed of his right to appeal and that the offenses to which he pleaded should have been merged as allied offenses. *Id.* at PageID 5. He claims he did not appeal at the time he was sentenced

3

because his attorney led him to believe he had given up his right to appeal as part of the plea bargain. *Id.* The language of the original Petition appears to be largely if not entirely copied from Petitioner's Memorandum in Support of Jurisdiction in his attempt to obtain review by the Supreme Court of Ohio of the denial of his motion for delayed appeal in the Tenth District (See Memorandum, State Court Record ECF No. 9, Ex. 15, PageID 156).

The Amended Petition, which is on the required standard habeas form, replaces this Ground for Relief with the following:

> **Ground One:** The trial court failed to inform the Petitioner of his right to appeal. Unlawful sentence.
>
> **Supporting Facts:** The trial court failed to inform the Petitioner of his right to appeal.

(Am. Petition, ECF No. 4, PageID 38.) VanGundy provides no reason why he filed an amended petition and, unlike the original Petition, makes no argument in support of his Ground for Relief.

**The Warden's Return of Writ**

The Warden defended by asserting that any violation of Petitioner's right under Ohio R.Crim.P. 32 to be advised of his right to appeal is a claim under Ohio law, not the United States Constitution (Return, ECF No. 10, PageID 225). Second, the Warden noted the record shows VanGundy's guilty plea contained written notice of his right to appeal. *Id.* at PageID 224. Third, the Warden asserted the offenses of conviction are not allied offenses of similar import under Ohio Revised Code § 2941.25 and VanGundy has, in any event, procedurally defaulted on this claim by not taking a timely appeal from his convictions and sentence. *Id.* at PageID 225-27 (citations omitted). Fourth, the Warden asserted the refusal of the Tenth District to accept Petitioner's

4

delayed appeal is also a claim under Ohio law, not the Federal Constitution. *Id.* at PageID 227 (citing Ohio R.App.P. 5(A)).

**Petitioner's Reply**

VanGundy's Objection (Reply) insisted he exhausted his state court remedies by giving

> [E]ach State Court the opportunity to address the merits of his claim and failure to review "VanGundy's habeas claim as to merger" will result in a fundamental miscarriage of justice because it is axiomatic that where an individual's immediate motive involves the commission of one offense, but in the course of committing that crime he must, *a priori*, commit another, then he may well possess but a single animus, and in that event may be convicted of only one crime. For example, as in **this case at bar,** when VanGundy committed the crime of Agg. Robbery, he *must,* by the very nature of the crime, completed Agg. Burglary. Under our statutes, he simultaneously commits the offense of Agg. Robbery (R. C. 2911.11 [A] [1]) by threatening to inflict physical harm the victim to facilitate the commission of a felony. In that instance, without more, there exists a single *animus,* and R.C. 2941.25 prohibits convictions for both offenses. Thus, VanGundy's "single habeas claim in this case" *has* merit, and this Honorable Court's **failure to review the claims will result** in a **fundamental miscarriage of justice.**

(ECF No. 14, PageID 245-46 (emphasis in original)).

**Magistrate Judge's Report**

The Magistrate Judge determined that VanGundy had exhausted available state court remedies (Report, ECF No. 16, PageID 253). He noted that Petitioner acknowledged the procedural default doctrine, but asserted it does not apply to his case where "failure to review the claim 'will result in a fundamental miscarriage of justice.'" *Id.* at PageID 255, quoting Reply,

5

ECF No. 14, PageID 246 (emphasis removed), and *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

The Report found that "Ohio has an applicable procedural rule that an appeal must be filed within thirty days of judgment in a criminal case[,]" and that "[t]he Tenth District Court of Appeals enforced that rule against VanGundy when it refused to allow him a delayed direct appeal." (Report, ECF No. 16, PageID 257). The Report also found the Ohio criminal *res judicata* doctrine had been enforced on VanGundy by Common Pleas Judge Richard A. Frye when he denied Petitioner's Motion to Vacate Void Sentence (State Court Record, ECF No. 9, Ex. 21, PageID 204). Noting that VanGundy had not appealed from Judge Frye's Order, the Magistrate Judge found that VanGundy had procedurally defaulted any claim of error in Judge Frye's decision (Report, ECF No. 16, PageID 257-58). The Report concluded VanGundy's double jeopardy claim should be dismissed as procedurally defaulted. *Id.* at PageID 258.

The Magistrate Judge also provided an alternative analysis of the merits of the double jeopardy claim, concluding that the controlling Ohio law on merger of allied offenses was stasted in *State v. Ruff*, 143 Ohio St. 3d 114 (2015). Judge Frye had followed *Ruff* in concluding

> In fact, the merger doctrine did not apply. To the contrary, there were two adults and one child in the house - all of whom were victims - when defendant broke in. Jeremy Bolon was asleep upstairs when defendant and two other men entered the downstairs at gunpoint. Tamara Bolon and her 2-year old child Grant Bolon were in the living room. The defendant and his confederates entered, threw a blanket over Tamara and her child, forced them over to a couch, and told them "Shut Up or I'll Kill You." Hearing the commotion downstairs as the men pushed over furniture and dumped drawers looking for money and jewelry, Jeremy Bolon woke up and called 911. That resulted in the apprehension of defendant inside the home. A gun and jewelry were found in defendant's pockets or near where he was caught. Defendant VanGundy was, in short, guilty of both an Aggravated Burglary and an Aggravated Robbery, with multiple victims, on these facts. *E.g.,*

> *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, syllabus paragraph 2.

(Journal Entry, State Court Record ECF No. 9, Ex. 21, PageID 204.)

The Magistrate Judge found Judge Frye's opinion[2] was not an unreasonable application of relevant United States Supreme Court precedent on the Double Jeopardy Clause and thus was entitled to deference under 28 U.S.C. § 2254(d)(1):

> In this case it is clear that the two offenses of conviction have different elements. Aggravated burglary requires breaking into an occupied structure with the purpose of committing a felony. Aggravated robbery requires taking the property of another by use of a deadly weapon. A person can commit an aggravated burglary without a gun and without being successful in stealing anything. A person can commit an aggravated robbery without breaking in anywhere.
>
> In sum, VanGundy's allied offenses/Double Jeopardy claim is without merit.

(Report, ECF No. 16, PageID 260).

**Petitioner's Objections**

Petitioner begins his Objections by stating that he "pleaded guilty to two counts of aggravated robbery, one with a firearm specification." (Objections, ECF No. 19, PageID 266). Regarding the Magistrate Judge's procedural default analysis, he "continues to assert that it would be a severe miscarriage of justice, whether claiming actual innocence or not, to sentence a person to more incarcerated time than he is actually subject to." *Id.* at PageID 267. He concludes that if

---

[2] Judge Frye's opinion was the last reasoned state court decision on the double jeopardy issue and thus the decision subject to review in this Court. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

the Court finds a double jeopardy violation, "the Court would simultaneously have to state that a fundamental miscarriage of justice is occurring." *Id.*[3]

Petitioner then lays out his double jeopardy/allied offenses claim on the merits (Objections, ECF No. 19, PageID 268-78). Throughout this portion of the Objections, he repeatedly asserts that he was convicted and sentenced for two counts of aggravated robbery and that those counts were required to be merged under Ohio's allied offenses statute, Ohio Revised Code § 2941.25.

## Analysis

**Procedural Default**

The Court concludes Respondent has demonstrated a number of procedural defaults in this case which bar consideration of VanGundy's double jeopardy claim (Return of Writ, ECF No. 10, PageID 227). As Judge Frye found, VanGundy never made a merger claim at or before sentencing, so the claim is barred for lack of a contemporaneous objection. Ohio's contemporaneous objection rule — that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998) — is an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), quoting *Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006)).

Next VanGundy failed to raise this claim on direct appeal. Again as Judge Frye held, this made the claim barred under Ohio's criminal *res judicata* doctrine. Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), "is an adequate and

---

[3] At the same point, VanGundy concedes his equal protection claim, which has never been specifically pleaded, is defaulted because he never presented it to the state courts (Objection, ECF No. 19, PageID 268).

independent state ground barring federal habeas review." *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007)(citations omitted).

When VanGundy finally did make the claim in his Motion to Vacate Void Sentence, he again defaulted by failing to appeal to the Tenth District from Judge Frye's decision.

Once a habeas Respondent has set forth a proper claim of procedural default, a habeas petitioner can overcome that default by showing either cause and prejudice to excuse the default or actual innocence. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), accord: *Hartman v. Bagley*, 492 F.3d 347, 357 (6th Cir. 2007), quoting *Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

VanGundy has made no attempt to show either cause and prejudice or actual innocence. Instead, he claims that failure to grant relief on a valid double jeopardy claim would constitute a "fundamental miscarriage of justice." However, the Supreme Court has limited the miscarriage of justice exception to procedural default to cases where the petitioner can show actual innocence. The "miscarriage of justice" exception, which is sometimes used synonymously with "actual innocence," requires some showing of actual innocence. In other words, they are the same standard, not alternative ways of avoiding a procedural default. *Dretke v. Haley*, 541 U.S. 386, 393 (2004), citing *Murray*, 477 U.S. at 496; *see also Calderon v. Thompson*, 523 U.S. 538, 557-58 (1998) (holding that "avoid[ing] a miscarriage of justice as defined by our habeas corpus jurisprudence" requires "a strong showing of actual innocence[.]").

Because there is no "miscarriage of justice" exception unless actual innocence is shown and VanGundy does not claim actual innocence, his double jeopardy claim is procedurally defaulted.

**Merits of the Double Jeopardy Claim**

Even if VanGundy's double jeopardy claim were not procedurally defaulted, the Court would not grant habeas relief because the claim is without merit.

In the first place, Petitioner spends most of his Objections arguing for merger of two aggravated robbery convictions. But he was not convicted on two counts of aggravated robbery; rather the record is very clear that he pleaded to, was convicted of, and was sentenced on one count of aggravated burglary and one count of aggravated robbery with a firearm specification. This Court cannot order the merger, on double jeopardy grounds, of two convictions that do not exist.

VanGundy is also not entitled to habeas relief if his claim is that the burglary and robbery charges should merge. As Judge Frye and the Magistrate Judge both pointed out, aggravated burglary and aggravated robbery have different elements and it is quite possible to commit either one of them without committing the other. The test for whether two offenses constitute the same offense for double jeopardy purposes is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932) ("*Blockburger* test"). Aggravated burglary has the element of breaking and entering an occupied structure, which is not required for aggravated robbery. Aggravated robbery requires theft with a deadly weapon, but burglary requires neither theft nor the use of a weapon. The firearm specification also does not merge because it requires proof of a firearm, which is not a necessary element of either burglary or robbery.

**Conclusion**

Based on the foregoing analysis, the Court ADOPTS the Magistrate Judge's conclusion and finds that the Petition must be DISMISSED WITH PREJUDICE both as procedurally defaulted and as without merit. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and that the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

                                              3-13-2020
                                 Edmund A. Sargus, Jr.
                                 United States District Judge